UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Eric Wade Clark,

Petitioner,

- *against* -

James Walsh,

Respondent.

11 Civ. 44 (KMK)(LMS)

REPORT AND
RECOMMENDATION

TO: THE HONORABLE KENNETH M. KARAS, U.S.D.J.[1]

Petitioner Eric Clark, proceeding pro se, has filed the instant petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his detention upon a

2007 state-court parole revocation. Pet. ¶¶ 3, 5. In 1985, Petitioner was convicted, upon his plea

of guilty, of kidnaping and raping a twelve-year-old girl, and was sentenced to concurrent,

indeterminate terms of eight and one-third to twenty-five years' imprisonment. Resp't's Decl. ¶

3. In 2003, Petitioner was paroled, but in December 2007, his parole was revoked after he was

found to be in possession of "children's paraphernalia," namely, a pink, child-size hat, in

violation of one of the conditions of his parole. Resp't's Ex. C. He was remanded for the

duration of his sentence, or until May 30, 2013.[2]

---

[1]Your Honor referred this application to me for preparation of a Report and
Recommendation on January 24, 2011. Order of Reference, Docket Entry (herein, "D.E.") 7.

[2]Although Petitioner's sentence has now fully expired, he has consented to remain
incarcerated until further proceedings are held concerning what, if any, sex-offender-specific
civil management measures the State should impose. Resp't's Ex. HH. This proceeding is
scheduled for August 13, 2013, before Westchester County Court Judge Susan Cacace. Resp't's

In the instant Petition, Petitioner seems to claim that his parole revocation was unconstitutionally obtained in the following ways:

(1) The Administrative Law Judge's ("ALJ's") recommendation to the Parole Board that Petitioner be detained was against the weight of the evidence and based on insufficient evidence;

(2) Petitioner's Sixth Amendment right to confront the witnesses against him was violated when hearsay statements made by a "store clerk" were admitted at the parole revocation hearing;

(3) The parole condition prohibiting Petitioner's possession of children's paraphernalia was unconstitutionally vague;

(4) Petitioner's right to due process was violated, perhaps through ineffective assistance of counsel;[3]

(5) the ALJ erred in not admitting Petitioner's polygraph examination evidence;

(6) The Appellate Division "erroneously employed a 'substantial evidence' standard rather than [a] preponderance of the evidence" standard."  Resp't's Mem. 11.

Respondent now moves this Court to dismiss the Petition as moot, as Petitioner's

_____

Ex. II.

[3]Petitioner's fourth claim for habeas relief is relatively impenetrable.  In listing all grounds for habeas relief, Pet.¶ 13, as ground four, Petitioner only gives a citation to "People ex rel. v. Warden Greenhaven 27 N.Y. 2d 376; 318 N.Y.S. 2d 449 453."  Pet. ¶ 13.  It seems that Petitioner is in fact referring to <u>People ex rel. Menechino v. Warden, Green Haven State Prison,</u> 27 N.Y.2d 376 (N.Y. 1971), in which the New York Court of Appeals held that both the state and federal constitutions give parolees the right to the assistance of counsel at parole revocation proceedings.  This citation would suggest that perhaps Petitioner is alluding to a denial of the right to effective assistance of counsel at the parole revocation hearing.  However, in expounding upon this ground later in his Petition, Petitioner makes no mention of the right to counsel, and only quotes <u>Menechino</u> to suggest that due process should apply in parole revocation proceedings.  Pet. 10.

sentence has fully expired. Resp't's Supp. Mem., D.E. 29. By letter dated July 31, 2013, and docketed herewith, Petitioner opposes this motion. For the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that this Petition should be dismissed as moot.

## I.   <u>DISCUSSION</u>

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." <u>Id.</u> (internal citations omitted). This case-or-controversy requirement applies throughout all stages of litigation. <u>Id.</u> While a habeas petitioner is incarcerated, his or her petition presents such a case or controversy by virtue of his or her detention. However, once a petitioner's sentence fully expires, some collateral consequence of the conviction must persist in order for a federal court to continue to have subject-matter jurisdiction over the petition. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998). Where the formerly-incarcerated petitioner challenges his or her conviction, courts are to presume that such collateral consequences exist, but where, as here, the formerly-incarcerated petitioner challenges only his or her parole revocation, this presumption does not apply. <u>Id.</u> at 14. Instead, the petitioner "bears the burden of demonstrating that some concrete and continuing injury continues to flow from the fact of the revocation." <u>United States v. Probber</u>, 170 F.3d 345, 348 (2d Cir. 1999).

Here, Petitioner asserts that his parole revocation subjects him to a civil proceeding, pursuant to Article 10 of the New York State Mental Health Law, which will determine whether Petitioner, as a convicted sex offender, should be subject to "civil management" now that his

sentence has completely expired.  Pet'r's Let; N.Y. Mental Hyg. §§ 10.03 et seq.  I presume that

Petitioner also contends that any civil management or confinement which results from the

proceeding would also constitute a collateral consequence of the revocation.  However,

application of the statute means that Petitioner would be subject to this proceeding at the

expiration of his sentence, regardless of whether or not his parole had been revoked.  Article 10

applies to persons who may be "detained sex offenders," which the statute defines as (among

other categories not applicable here):

> a person who is in the care, custody, control, or supervision of an agency with
> jurisdiction, with respect to a sex offense or designated felony, in that the person
> is . . .
> (1) A person who stands convicted of a [qualifying] sex offense . . . and is
> currently serving a sentence for, or subject to supervision by the division of
> parole, whether on parole or on post-release supervision, for such offense or for a
> related offense. . .
> (4) A person who stands convicted of a designated felony that was sexually
> motivated and committed prior to the effective date of this article . . .

N.Y. Mental Hyg. § 10.03(g).

Petitioner's crimes of conviction are qualifying sex offenses.  N.Y. Mental Hyg. §§

10.03(f), (p).  Thus, even if Petitioner's parole had not been revoked, he would still have been a

"detained sex offender" until the end of his sentence on May 30, 2013,[4] and therefore would still

be subject to proceedings under Article 10.  As the statute makes clear, it is Petitioner's

conviction, not his parole revocation, that triggers the civil management provisions of Article 10.

N.Y. Mental Hyg. §§ 10.03 et seq.  Furthermore, Petitioner has not established what impact, if

any, his parole revocation would have on the outcome of the Article 10 proceeding.  The

possibility that the state court might take Petitioner's parole violation into account in determining

_____

[4]See n. 2, supra.

4

what civil management measures, if any, to now impose is too speculative to qualify as a concrete, continuing injury-in-fact.  In any event, even if this Court were to grant Petitioner habeas relief, that decision would not prevent the State from considering the conduct underlying Petitioner's parole violation in making its Article 10 determination.  See Lane v. Williams, 455 U.S. 624, 633 (1982)("Any disabilities that flow from whatever respondents did to evoke revocation of parole are not removed-or even affected-by a District Court order that simply recites that their parole terms are 'void.'").  Therefore, Petitioner has failed to meet his burden of demonstrating that his parole revocation causes a collateral consequence which continues after the expiration of his sentence.   Without such a continuing collateral consequence, I conclude, and respectfully recommend that Your Honor should conclude, that this Court now lacks subject matter jurisdiction over this Petition.[5]

## II.   **CONCLUSION**

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the instant Petition be dismissed as moot.

## III.   **NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable

---

[5]Should Your Honor reject my recommendation and conclude that the Petition is not moot, I respectfully request that the Petition be remanded to me for substantive analysis of the claims herein.

Kenneth M. Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New

York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later

appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

Dated: August ___, 2013
        White Plains, New York

                                        Respectfully submitted,

                                        _____
                                        Lisa Margaret Smith
                                        United States Magistrate Judge
                                        Southern District of New York


A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Kenneth M. Karas, U.S.D.J.

Eric Wade Clark
DIN# 85-A-4632
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

Paul Bernard Lyons
New York State Office of the Attorney General
120 Broadway
New York, NY 10271

6